By the Court.
In the common pleas court the plaintiff brought her action for damages against the lessee oil and gas company, basing her claim upon the violation of an implied covenant upon the part of the lessee, requiring it to drill off-set wells for the protection of her lines from the drainage of oil and gas. At the close of the testimony, on motion of the defendant, the court directed a verdict in its behalf and entered judgment accordingly. This judgment was affirmed by the court of appeals, whereupon error was prosecuted to this court.
The essential elements and quantum of proof required in such cases are set forth in Ohio Fuel Supply Co. v. Shilling, 101 Ohio St., 106, where the main issue of fact to be determined is stated as follows: “Was there productive gas, of sufficient quantity to warrant operations, under the lands of the lessor, and was the same drained into the wells on adjoining lands by reason of the failure of the lessee to drill wells for the protection of the lessor’s lines'?”
*74 Having in view that rule of evidence, the trial court, after careful examination of the evidence offered, and giving the plaintiff the benefit of “all reasonable inferences that can possibly be drawn from the evidence, so offered,” found that there was “an absolute lack of evidence which in any manner sustains several important and essential elements necessary to be proven in support of plaintiff’s claims,” and “there is an absolute lack of testimony and evidence which in any manner shows that plaintiff was damaged to any extent whatever.” It was for those reasons the trial court directed a verdict as aforesaid. The court of appeals, after an exam-, ination of the record, sustained the trial court upon that feature of the case. Its opinion discloses that the evidence offered was by no ’ineans ‘1 clear or impressive that there was productive gas under her property of sufficient quantity to warrant operations, and there was no evidence showing the cost of drilling a well on her property so as to determine whether, even if gas was found there, it would be in sufficient quantities to warrant the expense of operations.” It is therefore evident that both courts found that the essential elements of proof required by the Shilling case, supra, were entirely lacking. We are of the opinion that the lower courts were right, and, that, in the light of the evidence offered, had the case been given to the jury its verdict would necessarily have been based upon speculation merely.
The second cause of action was based upon an express covenant contained in the lease, providing “that first party [plaintiff] is to have free gas for house on farm, but first party must pipe the gas *75 from well at their own expense.” This covenant applies to a well drilled by the lessee. There is no proof tending to show that the lessee refused to furnish gas to plaintiff from any drilled well; nor any proof that the first party had in fact laid a pipe at her own expense or otherwise from any such well.
For the reasons stated, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.